UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

KAREN L. ARNOLD,
         Appellant,

      v.

DEPARTMENT OF THE ARMY,
         Agency.

DOCKET NUMBER
CH-0752-17-0543-I-1

DATE: May 30, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Sterling Deramus</u>, Esquire, Birmingham, Alabama, for the appellant.

<u>A. Katharine J. Kiss</u>, <u>Monique S. Jones</u>, and <u>Eric R. Hammerschmidt</u>, Redstone Arsenal, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed her removal for absence without leave (AWOL). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      The appellant was a GS-14 Attorney Advisor for the agency's Surface Deployment and Distribution Command (SDDC) in Brunswick, North Carolina. Initial Appeal File (IAF), Tab 37 at 3. On August 11, 2014, the appellant suffered a compensable injury to her foot, and in November 2014, she began medical telework on a fulltime basis from her family home in Bethlehem, Pennsylvania. IAF, Tab 10 at 102, Tab 11 at 33, 35, 57-59, Tab 38 at 4. Meanwhile, due to sequestration budget cuts, SDDC eliminated the appellant's position in North Carolina and, on June 12, 2015, offered her an equivalent position at Scott Air Force Base in Illinois. IAF, Tab 10 at 5-16, 27-29, Tab 37 at 3-4. The agency afforded the appellant multiple extensions to decide on the offer, and on April 22, 2016, the appellant accepted. IAF, Tab 10 at 27-28, 30-31, 38-45. The agency also afforded the appellant multiple extensions to report to her new position until it finally arrived at a report date of March 6, 2017. IAF, Tab 10 at 48, 51, 58, 63-64, 72, Tab 31 at 38, Tab 37 at 4, Tab 38 at 5. The appellant continued to telework from Pennsylvania in the interim. IAF, Tab 10 at 93.

¶3      The appellant never reported for duty at Scott Air Force Base. IAF, Tab 37 at 4. Instead, each morning beginning on March 6, 2017, the appellant would email her supervisor simply stating, "I'm out sick today." IAF, Tab 10 at 76-77, Tab 19 at 48-50. Eventually, the agency determined that at least some of the appellant's absences were unauthorized, and it charged her with 24 hours of AWOL, removing her on that basis effective August 5, 2017. IAF, Tab 10 at 74-83.

¶4      The appellant filed the instant appeal with the Board's Central Regional Office in Chicago, Illinois. IAF, Tab 1. She raised affirmative defenses of age discrimination, sex discrimination, disability discrimination, and harmful procedural error. IAF, Tab 37 at 5-8. The appellant requested a hearing but later withdrew it after the administrative judge denied her request to participate

telephonically. IAF, Tab 1 at 2, Tab 48. The administrative judge issued an initial decision on the written record affirming the appellant's removal. IAF, Tab 60, Initial Decision (ID). She sustained the AWOL charge, finding that the agency had a legitimate management reason for directing the appellant's reassignment and the absences at issue were unauthorized. ID at 8-10. The administrative judge further found that the removal penalty was reasonable, and that the appellant failed to prove any of her affirmative defenses. ID at 10-27.

¶5 The appellant has filed a petition for review, challenging some of the administrative judge's findings and arguing that she was effectively deprived of her right to a hearing. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## ANALYSIS

¶6 Under 5 U.S.C. § 7701(a)(1), an appellant has a right to a hearing on the merits in an appeal that is within the Board's jurisdiction. *Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶ 20 (2008); 5 C.F.R. § 1201.24(d). This right to a hearing belongs to the appellant, and there are strong policy considerations in favor of granting an appellant a hearing on the merits. *Callahan v. Department of the Navy*, 748 F.2d 1556, 1558 (Fed. Cir. 1984); *Rossett v. Office of Personnel Management*, 87 M.S.P.R. 415, ¶ 5 (2001). The agency, conversely, has no statutory right to a hearing. *Callahan*, 748 F.2d at 1558. An appellant who has requested a hearing may withdraw her request and have the administrative judge adjudicate her appeal on the written record. *Shingles v. U.S. Postal Service*, 90 M.S.P.R. 245, ¶ 10 (2001). Nevertheless, an appellant may waive her right to a hearing only by clear, unequivocal, or decisive action, and the waiver must be an informed one. *Id*. An appellant's waiver of the right to a hearing is informed when she has been fully apprised of the relevant adjudicatory requirements and options in her appeal. *Id*.

¶7 In this case, it is undisputed that the instant appeal is timely, within the Board's jurisdiction, and subject to the procedures of 5 U.S.C. § 7701. IAF, Tab 1, Tab 10 at 14; ID at 1; *see* 5 U.S.C. §§ 7511(a)(1)(C)(ii), 7512(1), 7513(d); 5 C.F.R. § 1201.22(b)(1). Therefore, the appellant had a statutory right to a hearing on the merits. *See Conway v. Department of the Navy*, 71 M.S.P.R. 502, 504 (1996). The appellant requested a hearing in her initial appeal form, and on April 10, 2018, the administrative judge issued a hearing order, proposing that the hearing be conducted by video teleconference. IAF, Tab 1 at 2, Tab 28. The agency located a room on Scott Air Force Base with compatible video teleconference equipment and reserved the room for the parties' use during the hearing. IAF, Tab 29. The appellant made no objection at the time. *Id*.

¶8 On April 27, 2018, the administrative judge conducted a prehearing conference. IAF, Tab 37 at 1. According to the appellant's sworn and unrebutted statement on petition for review, she informed the administrative judge that her physical and financial limitations made it burdensome for her to travel to Illinois for the hearing, and she requested to participate from a location closer to her home in Bethlehem, Pennsylvania. PFR File, Tab 1 at 9. The administrative judge and the agency both were amenable, and the administrative judge directed the appellant to work out the details with the Board paralegal handling the hearing logistics. *Id*. The appellant contacted the paralegal, who informed her that there were no potential videoconference sites for this particular hearing apart from those already established at the Board's Central Regional Office in Chicago and the agency's office at Scott Air Force Base. *Id*. at 9-10. The appellant proposed that she could participate by telephone or by Skype, but the paralegal informed the appellant that she would need to get the administrative judge's approval for either of these alternative arrangements. *Id*. at 10.

¶9 On May 17, 2018, the appellant filed a motion for telephonic testimony, explaining the physical and financial burden that travel to Illinois would entail for her. IAF, Tab 40. She requested to be allowed to participate in the hearing via

telephone or Skype instead. *Id*. The agency opposed the appellant's motion on the basis that "telephonic testimony would deny the Agency's right to cross examine the Appellant in person and would hamper the Administrative Judge's ability to determine the Appellant's credibility." IAF, Tab 41. The administrative judge ruled that "[b]ecause credibility is a key issue in the case, the appellant's request to testify by telephone, based on physical and financial hardship, is **DENIED**." IAF, Tab 45 (emphasis in original). On October 4, 2018, the appellant withdrew her hearing request in favor of a decision on the written record. IAF, Tab 48. The appellant now argues that, "Rather than lose by default as a 'no show' Appellant, I was forced to withdraw my request for a hearing and proceed on the record." PFR File, Tab 1 at 11.

¶10 We credit the appellant's sworn and unrebutted assertion that her financial constraints and well-documented physical limitations prevented her from traveling from her home in eastern Pennsylvania to either of the two approved video teleconference hearing locations in Illinois. PFR File, Tab 1 at 9-10. These are the same reasons that the appellant gave in support of her motion for telephonic testimony below. IAF, Tab 40. That being the case, the administrative judge's ruling that the appellant could not participate by alternative means effectively denied her the right to participate in the hearing at all. We find that, under these circumstances, the appellant's decision to withdraw her hearing request was reasonable because her failure to appear at the hearing would likely have resulted in a decision on the written record in any case, *see Callahan*, 748 F.2d at 1559-1600, and it was in her best interest to withdraw her hearing request in order to have the opportunity to develop the written record further.

¶11 An administrative judge has broad discretion in controlling the proceedings before her. *Butler v. Defense Commissary Agency*, 77 M.S.P.R. 631, 634 (1998). The administrative judge's decisions regarding the parameters of and procedures for the hearing are subject to an abuse of discretion standard. *See*

*Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 (2012). Furthermore, in-person or videoconference testimony is generally preferable to telephonic testimony to the extent that telephonic testimony limits the administrative judge's ability to make demeanor-based credibility determinations. *See Robertson v. Department of Transportation*, 113 M.S.P.R. 16, ¶ 13 (2009). However, these considerations must be balanced against the appellant's statutory right to a hearing in her appeal. *See Naekel v. Department of Transportation*, 21 M.S.P.R. 11, 13 (1984) ("The presiding official's discretion in controlling the course of the hearing . . . must be balanced with the appellant's right to be heard.").

¶12     Although the Board has ruled in multiple cases that an administrative judge may not order a telephonic hearing over an appellant's objection that the hearing be in person or by videoconference,[2] *see, e.g.*, *Evono v. Department of Justice*, 69 M.S.P.R. 541, 545 (1996); *McGrath v. Department of Defense*, 64 M.S.P.R. 112, 114-15 (1994), we are unaware of any cases in which the Board has ruled that an administrative judge erred in holding a telephonic hearing over the agency's objection.

¶13     In support of its objection to the appellant's motion to testify by telephone, the agency relied on *Purcell v. Department of Agriculture*, 55 M.S.P.R. 305 (1992). IAF, Tab 41 at 4. In *Purcell*, the Board found that the administrative judge did not abuse his discretion in denying the appellant's request that two of his witnesses be allowed to testify by telephone or by deposition. 55 M.S.P.R. at 310 n.5. In support of its ruling, the Board cited, among other things, "the agency's valid objections that allowing telephone testimony would deny the agency's 'right to cross examine [the witnesses] in person and would hamper the administrative judge's ability to determine their credibility.'" *Id*. However, we find that *Purcell* is distinguishable from the instant appeal for several reasons.

---

[2] There is a significant exception to this rule for cases that hinge on legal argument and do not involve disputes of material fact. *Jordan*, 108 M.S.P.R. 119, ¶ 21.

First, it appears that these witnesses' unavailability for in-person testimony was caused by the appellant's failure to serve them the subpoenas that the administrative judge provided. *Id*. In contrast, the appellant's inability to travel to Illinois in this case was largely outside her control. Second, in *Purcell*, the Board noted the "lateness of the appellant's request" for telephonic testimony, *id*., whereas the appellant in this case requested to testify by telephone a full 5 months before the hearing was scheduled to occur, IAF, Tabs 40, 45. Third, the result of the administrative judge's ruling in *Purcell* was that two of the appellant's witnesses provided no hearing testimony, whereas the result of the ruling in this appeal was that the appellant was unable to have any hearing at all.

¶14 We find that the instant appeal is more akin to *Siman v. Department of the Air Force*, 80 M.S.P.R. 306, ¶¶ 5-7 (1998), *Oribio v. Office of Personnel Management*, 47 M.S.P.R. 588, 591-92 (1991), *Sincero v. Office of Personnel Management*, 41 M.S.P.R. 239, 242-43 (1989), and *Sweat v. Office of Personnel Management*, 40 M.S.P.R. 84, 87 (1989). In these cases, the appellants initially requested hearings but later withdrew their requests, citing financial difficulties, physical impairment, or other issues that prevented them from traveling to the designated hearing locations. Similarly, in *Manoharan v. Office of Personnel Management*, 103 M.S.P.R. 159, ¶ 11 (2006), and *Rossett*, 87 M.S.P.R. 415, ¶¶ 5-6, the appellants did not request a hearing but instead indicated their inability to travel for a hearing and expressed a desire to speak with a Board official about the matter. In all six of these appeals, the administrative judges found that the appellants waived their right to hearings and issued decisions on the written record. In all six of these appeals, the Board vacated and remanded, finding that the appellants' purported waivers were invalid because they were not knowing and informed since the appellants had not been apprised of the alternatives to attending in-person hearings at the designated locations, including the opportunity for telephonic hearings. *Manoharan*, 103 M.S.P.R. 159, ¶¶ 11, 19; *Rossett*, 87 M.S.P.R. 415, ¶¶ 6-7; *Siman*, 80 M.S.P.R. 306, ¶¶ 6-7;

*Oribio*, 47 M.S.P.R. at 591-92; *Sincero*, 41 M.S.P.R. at 243; *Sweat*, 40 M.S.P.R. at 87-88.  The necessary implication is that an appellant has the right to choose a telephonic hearing in her appeal, at least when circumstances would prevent her participation by other means, which is the case here.  Notably, in none of these cases did the Board require, as a condition of remand, that the appellant demonstrate that lack of a hearing prejudiced her substantive rights.  *Cf. Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) ("The administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights.").  Rather, the Board views the erroneous deprivation of that right as harmful per se.  For these reasons, we find that the appellant's withdrawal of her hearing request was invalid because it was not knowing and informed.  Rather, it was based on a choice between two false alternatives, namely, a hearing in Illinois or no hearing at all.  *See Gutierrez v. U.S. Postal Service*, 90 M.S.P.R. 604, ¶ 9 (2002) (finding, in the context of an alleged constructive adverse action, that a choice between false alternatives can support a decision that the choice was involuntary).  On remand, the administrative judge shall conduct the appellant's requested hearing, including by telephone if necessary.

¶15     We note that the appellant has indicated on review that she would be willing to travel to the Board's Northeastern Regional Office in Philadelphia, Pennsylvania, which is closer to her home, and participate in the hearing from that location.  PFR File, Tab 1 at 11.  On remand, the administrative judge may consider this or any alternative hearing arrangements within the administrative judge's sound discretion.  We do not discount any concern the administrative judge may have regarding being able to observe witness demeanor at the hearing, and we expect both parties to cooperate in good faith in making arrangements to facilitate that objective.  Nevertheless, if circumstances dictate that the hearing must be conducted telephonically, the principles for resolving credibility issues as set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), may

be adapted to the situation, *see Goode v. Defense Logistics Agency*, 45 M.S.P.R. 671, 674 n.2 (1990).

¶16    In light of our findings here, we do not reach the appellant's arguments regarding the merits of her case.  PFR File, Tab 1 at 6-15.

## ORDER

¶17    For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.